# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | Case No. 6:06-CV-0857-RDP |
| | } | |
| **$18,625.00 UNITED STATES CURRENCY, et al.,** | } } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

The court has before it Plaintiff United States of America's Motion for Default Judgment and Order of Forfeiture against Defendant $18,625.00 United States Currency (Doc. # 5) based upon the failure of any claimant to appear, file a claim, answer, or otherwise respond to the allegations of the verified forfeiture complaint.  For the reasons outlined below, the motion is due to be granted.

This action was commenced on May 2, 2006, by the filing of Plaintiff's verified forfeiture complaint seeking the forfeiture of $18,625.00 in U.S. currency seized during the execution of a search warrant at 3013 Simmons Road, Jasper, Alabama, which was issued to investigate the illegal distribution of firearms, marijuana, cocaine, and other controlled substances.  (Doc. # 1).  A copy of the summons and complaint was personally served on potential claimant Gerald Allen Terrell on July 24, 2006.  (Docs. # 2 & 4).  Potential claimant Gerard Allen Terrell has not filed any claim or answer in this matter within thirty days of service, and has therefore defaulted on any potential claim.

Plaintiff caused public notice of this action to be given by publishing a Legal Advertisement and Notice in *The Daily Mountain Eagle*, a newspaper of general circulation in the Northern District of Alabama, Walker County, on December 1, December 8, and December 15, 2006, and filed Notice

of this Publication was filed with the court, on January 12, 2007. (Doc. # 3). Thirty days have passed since the final date of publication, and no third party or potential claimant has filed a claim or answer or otherwise responded to the complaint as required under Rule C(6) of the Supplemental Rules of Admiralty and Maritime Claims.

The time for filing a Claim in a civil forfeiture action is governed by 18 U.S.C. § 983(a)(4)(A), which states as follows:

> In any case in which the Government files...a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property...not later than 30 days after the date of service of the Government's complaint or, as applicable, not later than 30 days after the date of final publication of notice of the filing of the complaint.

18 U.S.C. § 983(a)(4)(A).

Again, no one has filed a judicial claim to the defendant property, as required by 18 U.S.C. § 983(a)(4)(A), and the time period in which to do so has now expired. Likewise, no one has filed an answer to the complaint as required by 18 U.S.C. § 983(a)(4)(B), and the time in which to do so has expired.

Plaintiff now seeks a default judgment against all potential claimants to the defendant property, pursuant to Federal Rule of Civil Procedure Rule 55(b)(2), and the entry of an order forfeiting this property to the Plaintiff United States. Rule 55 (b) states in relevant part:

> (b) [Default] Judgment. Judgment by default may be entered as follows:
>
> (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.
>
> (2) By the Court. In all other cases the party entitled to a judgment by default

> shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

FED.R.CIV.P. 55(b)(1),(2). Although this court permits the Clerk of Court to *enter* default when appropriate pursuant to Rule 55(a),[1] it is the practice of the judges of this court to reserve all decisions about the entry of a Rule 55(b) default *judgment* for the discretion of the particular judge to which the case is assigned, even when Rule 55(b)(1) permits the Clerk of Court to enter a default judgment because the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain. Accordingly, Plaintiff's motion for default judgment in this case is properly before the undersigned.

The court finds that entry of a default judgment in favor of Plaintiff and an order forfeiting the Defendant property to Plaintiff is appropriate because all of the requirements of Rule 55(b)(1) are satisfied in this case. Plaintiff has submitted documentation verifying notice to potential claimant Terrell and notice of publication (Doc. # 2, 3 & 4), yet no potential claimant has come forward.

Upon default, the well-pleaded allegations of a complaint are taken as true. *E.g., Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (citing *Nishimatsu Constr. Co. v. Houston National*

---

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

*Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rule 55(b)(1)—and not 55(b)(2)—governs this case, as Plaintiff seeks recovery of a sum certain. Moreover, because the damages sought are for a sum certain, an evidentiary hearing is not necessary and the court can adjudicate the matter of default "upon request of the plaintiff and upon affidavit of the amount due." FED. R. CIV. P. 55(b)(1). *See, e.g., United States Artist Corporation v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) ("The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.") (citations omitted).

Therefore, based upon the court's review of the record, Plaintiff's request for the entry of a final default judgment against the Defendant Currency and for an order of forfeiture is due to be granted, and the $18,625.00 U.S. currency is due to be forfeited to Plaintiff United States of America. A separate order will be entered.

**DONE** and **ORDERED** this ____8th____ day of March, 2007.

/s/ R. David Proctor
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE